UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CIVIL ACTION NO. 17-54-DLB

LARRY CAFFIE     PETITIONER

VS.     **MEMORANDUM OPINION AND ORDER**

SANDRA BUTLER, Warden     RESPONDENT

\*\*\*    \*\*\*    \*\*\*    \*\*\*

Inmate Larry Caffie has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. # 1). This matter is before the Court to conduct an initial screening of Caffie's petition. 28 U.S.C. § 2243; *Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). Because Caffie's claims cannot be asserted in a petition under 28 U.S.C. § 2241 and they are substantively without merit, the Court will deny the petition.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

In April 2006, a grand jury in the United States District Court for the Central District of Illinois issued a four-count Indictment charging Caffie with three counts of knowingly and intentionally distributing cocaine base (crack), a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)(Counts 1-3) and one count of knowingly and intentionally possessing with intent to distribute at least 50 grams of a mixture and substance containing cocaine base (crack), a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii). Shortly thereafter, the prosecution filed a notice of its intention to seek an enhancement of Caffie's sentence under 21 U.S.C. § 851 in light of three prior felony drug convictions in Winnebago County,

1

Illinois. This notice was later amended to list only two prior felony drug convictions, one in Winnebago County and the other in Kane County, Illinois. Caffie was therefore subject to a mandatory minimum sentence of life imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A).

In May 2007, after a bench trial, Caffie was found guilty of all four counts of the Indictment. In February 2008, Caffie was sentenced to a term of imprisonment of 168 months on each of Counts 1-3, to be served concurrently with each other and the sentence imposed on Count 4, and a term of life imprisonment on Count 4, to be served concurrently to the terms imposed on Counts 1-3. *United States v. Caffie*, No. 1:06-CR-10029-JBM-JAG-1 (C.D. Ill. 2006).[1] Caffie appealed, but the Seventh Circuit Court of Appeals dismissed the appeal as frivolous after his counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), indicating that there were no nonfrivolous issues for appeal. *United States v. Caffie*, No. 08-1343 (7th Cir. 2008).

In 2009, Caffie filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. In that motion, Caffie challenged the enhancement of his sentence due to his prior drug convictions and further argued that he was denied effective assistance of counsel both at trial and on appeal. Caffie's § 2255 motion was denied in 2011. *Caffie v. United States*, No. 1:09-CV-01231-JES (C.D. Ill. 2009). Caffie was denied a certificate of appealability. *Caffie v. United States*, No. 11-2805 (7th Cir. 2011). Thereafter, Caffie filed two additional motions, re-raising the same arguments in various

---

[1] In 2012, pursuant to an Agreed Motion to Reduce Sentence in light of Amendment 750 to the United States Sentencing Guidelines, the sentencing court reduced Caffie's sentence on Counts 1, 2, and 3 to a term of imprisonment of 140 months on each count. His sentence of life imprisonment on Count 4 was unchanged. *Id.*

forms. Both motions were construed as unauthorized second or successive § 2255 petitions and denied. *Caffie v. United States*, No. 1:09-CV-01231-JES (C.D. Ill. 2009).

In 2014, Caffie filed a § 2241 petition in this Court, arguing that his sentence was improperly enhanced for various reasons, including that his two prior convictions did not qualify as predicate offenses for the purposes of a sentence enhancement. This Court found that Caffie failed to demonstrate that he was entitled to proceed under § 2241 because he did not establish that his remedy under § 2255 was inadequate or ineffective, nor did he allege a viable claim of actual innocence. *Caffie v. Holland*, No. 6:14-cv-67-DCR (E.D. Ky. 2014).

In February 2017, Caffie filed another motion that was construed as an application seeking authorization to file a successive motion to vacate his sentence under § 2255, seeking to challenge his sentence under *Mathis v. United States*, 136 S. Ct. 2243 (2016). The Seventh Circuit denied authorization, in part because *Mathis* did not announce a constitutional rule, but also because *Mathis*, which defines "burglary" for purposes of 18 U.S.C. § 924(e), "has no relevance to Caffie's life sentence, which was dictated by 21 U.S.C. § 841(b)(1)(A) and his prior convictions for felony drug offenses." *Caffie v. United States* No. 17-1233 (7th Cir. Feb. 14, 2017).

Caffie has now filed the instant § 2241 petition, arguing that he is entitled to relief from his sentence pursuant to the United States Supreme Court's decision in *Mathis*, which he argues is a new rule of statutory interpretation. (Doc. # 1). Specifically, Caffie argues that the enhancement of his federal sentence pursuant to 21 U.S.C. § 841(b)(1)(A) violates his due-process and equal-protection rights because his prior convictions were not evaluated as possible predicate offenses using the same "categorical approach"

described in *Mathis*, which is applied to evaluate prior convictions for possible sentence enhancements imposed pursuant to 18 U.S.C. § 924(e)(1). *Id*. Caffie further claims that he should be allowed to proceed under the "savings clause" of 28 U.S.C. § 2255(e) because he is "actually innocent" of the § 841 enhancement pursuant to which he was given a life sentence. *Id*.

## II.  ANALYSIS

A habeas corpus petition filed pursuant to § 2241 may be used to challenge actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). If a federal prisoner instead wishes to challenge the legality of his federal conviction or sentence, he must do so by filing a motion for post-conviction relief under 28 U.S.C. § 2255 in the court that convicted and sentenced him. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A habeas corpus petition pursuant to § 2241 may not be used for this purpose because it does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

The "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to this prohibition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). A motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed, he did not file a § 2255 motion, or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (holding that

4

§ 2241 is available "only when a structural problem in § 2255 forecloses even one round of effective collateral review ..."). In other words, prisoners cannot use a habeas petition under § 2241 as another "bite at the apple." *Hernandez*, 16 F. App'x at 360.

To properly invoke the savings clause, the petitioner must be asserting a claim that he is "actually innocent" of the underlying offense by showing that after the petitioner's conviction became final, the Supreme Court re-interpreted the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012) (citing *United States v. Peterman*, 249 F.3d 458, 461-62 (6th Cir. 2001)); *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."). The Supreme Court's newly announced interpretation must, of course, be retroactively applicable to cases on collateral review. *Wooten*, 677 F.3d at 308.

Caffie's petition must be denied because his claims are not ones of actual innocence, and hence are not cognizable in a § 2241 petition. Caffie asserts that the enhancement of his sentence pursuant to 21 U.S.C. § 841(b)(1)(A) is unconstitutional because it was not the product of the categorical approach applicable to enhancements under 18 U.S.C. § 924(e)(1).

This argument fails for several reasons. First, this is not a claim based upon statutory interpretation, but a constitutional claim, and hence falls outside the purview of § 2241. Second, it is not a claim based upon *Mathis* at all; rather, it is predicated upon the categorical approach, a doctrine established more than a decade before Caffie's

sentence was imposed. *See Taylor v. United States*, 495 U.S. 575, 600-601 (1990); *see also Shepard v. United States*, 544 U.S. 13, 26 (2005). It is therefore a claim he could and must have asserted before the trial court, upon direct appeal, or in a motion pursuant to 28 U.S.C. § 2255. For these reasons, his claims may not be pursued under 28 U.S.C. § 2241.

Moreover, Caffie also challenges his sentence. The decidedly narrow scope of relief under § 2241 applies with particular force to sentencing challenges. *Peterman*, 249 F.3d at 462; *Hayes*, 473 F. App'x at 502 ("The savings clause of section 2255(e) does not apply to sentencing claims."). In *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), the Sixth Circuit articulated a very narrow exception to this general rule, permitting a challenge to a sentence to be asserted in a § 2241 petition, but only where (1) the petitioner's sentence was imposed when the Sentencing Guidelines were mandatory before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005); (2) the petitioner was foreclosed from asserting the claim in a successive petition under § 2255; and (3) after the petitioner's sentence became final, the Supreme Court issued a retroactively applicable decision establishing that—as a matter of statutory interpretation—a prior conviction used to enhance his federal sentence no longer qualified as a valid predicate offense. *Hill*, 836 F.3d at 599-600.

Caffie's claim fails to satisfy these requirements. First, Caffie was sentenced in February 2008, more than three years after *Booker* was decided and under a discretionary guidelines regime. And as noted above, Caffie's claims are not based upon any recent Supreme Court decision, but instead challenge the limited applicability of the

categorical approach on constitutional grounds, a doctrine in effect for more than a decade before his sentence was imposed.

In addition, while Caffie claims to rely upon the Supreme Court's recent decision in *Mathis*, in order for a claim based upon a recently issued Supreme Court decision interpreting a statute to be cognizable in a § 2241 petition, the holding must be retroactively applicable to cases on collateral review. *Wooten*, 677 F.3d at 307-08. The Supreme Court in *Mathis* itself made abundantly clear that its holding was required by decades-old precedent and hence, did not announce any new rule. *Mathis*, 136 S. Ct. at 2257. The Sixth Circuit has held so explicitly. *In re: Conzelmann*, 2017 WL 4159184 (6th Cir. 2017). Therefore, because *Mathis* is not retroactive, Caffie may not rely upon it to satisfy the third requirement of *Hill*. For these reasons, Caffie's challenge to his sentence falls outside the limited exception articulated in *Hill*.

Finally, Caffie's claim is wholly without substantive merit. Determining whether a prior conviction was for a "serious drug offense" within the meaning of 18 U.S.C. § 924(e)(2)(A) may involve a complex assessment of whether the prior offense involved the manufacture, distribution, or possession with intent to do one of these things within the meaning of the statute. *Cf. Hinkle v. United States*, 832 F. 3d 569, 572-73 (5th Cir. 2016). When making that assessment, the categorical approach guides the district court when comparing each of the numerous elements which collectively constitute the underlying offense against the elements of its generic counterpart. *See, e.g.*, *Taylor*, 495 U.S. at 591. But Caffie's sentence was not enhanced under this statute. Instead, his sentence was enhanced under the far simpler provision found in 21 U.S.C. § 841(b)(1)(A) because he had previously committed numerous "felony drug offenses."

7

To qualify as a "felony drug offense," no detailed comparison of elements is required. Rather, 21 U.S.C. § 802(44) merely requires that the prior state or federal offense (1) be punishable by more than one year in prison, and (2) that it "prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." By its terms, § 802(44) does not require that the prior offense constitute any particular species of crime, but only that it "relat[e] to" conduct involving drugs.

Given the breadth of this definition, the use of the categorical approach is neither necessary nor appropriate. See *United States v. Graham*, 622 F.3d 445, 456-57 (6th Cir. 2010); *United States v. Spikes*, 158 F.3d 913, 932 (6th Cir. 1998) ("[Section] 802(44) only requires that the state statute criminalize conduct 'relating' to drugs. The use of the expansive term 'relating' as the only substantive limitation on the reach of the statutory phrase 'felony drug offense' clearly indicates that the statute encompasses drug offenses that involve the simple possession of drugs."), *cert. denied*, 525 U.S. 1086 (1999). The more complex analysis described in *Taylor* and *Mathis*, which Caffie challenges, is irrelevant to his circumstances.

Therefore, Caffie's petition fails to establish any basis for habeas relief. *Cf. United States v. Smith*, No. 1:12-CR-88-1, 2017 WL 3528954, at *5-6 (W.D. La. July 11, 2017) (rejecting the exact argument raised here and correctly noting that "[t]he categorical approach in *Moncrieffe* and *Taylor* has never been applied to the enhanced penalty provisions of § 841(b)(1)(A) and has never been used to interpret the phrase 'felony drug offense' in 21 U.S.C. § 802(44).") (citing *United States v. Wing*, No. 5:13-CR-87-JMH, 2016 WL 3676333, at *2 (E.D. Ky. 2016)).

## III. CONCLUSION

Accordingly, for the reasons stated herein,

**IT IS ORDERED** as follows:

(1) Petitioner Larry Caffie's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1) is **DENIED**;

(2) The Court will enter a judgment contemporaneously with this order; and

(3) This matter is **DISMISSED** and **STRICKEN** from the Court's active docket.

This 30th day of October, 2017.



Signed By:
*David L. Bunning*
United States District Judge

K:\DATA\ORDERS\ProSe\Caffie 17-54-DLB Dismissal Order (2241) WHM.docx

9